UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **HDP SELLERS REPRESENTATIVE, LLC** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Miscellaneous Action No: |
| ) | |
| ) | (*Middle Dist. of Louisiana, No. 14-491*) |
| ) | |
| **OCEANS ACQUISITION, INC.** ) | |
| ) | |
| **Defendant** ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO GENERAL CATALYST PARTNERS

Plaintiff HDP Sellers Representative, L.L.C. ("HDP") requests that its Motion to Compel Compliance with Subpoena be granted for the following reasons:

### I.

### Introduction

This matter involves a lawsuit in the United States District Court for the Middle District of Louisiana, in which Plaintiff, HDP, filed a breach of contract claim against Defendant, Oceans Acquisition, Inc. ("Defendant Oceans") related to a Subordinated Promissory Note ("Note"). In or about December 2012, General Catalyst Partners ("GC") purchased ten Oceans entities and the equity interests of its member/owners. GC formed Oceans Acquisition, Inc. for purposes of the acquisition. HDP provided the Note to Defendant Oceans as secondary financing for Defendant's purchase. Defendant Oceans obtained principal financing for its purchase of the Oceans entities from MCG Capital Corporation ("MCG") through a Senior Credit Agreement. Essentially, the Complaint alleges that Defendant materially breached covenants contained in the Note, thus entitling HDP to the return of the loan.

The Note also provides that if the principal financing is refinanced, then the Note shall be due immediately. Through discovery, HDP learned that the Senior Credit Facility was refinanced through third party lender Elm Park's purchase of the Senior Credit Facility Agreement from MCG. Oceans Acquisition and Elm Park then entered into an Amended and Restated Senior Credit Facility Agreement. These actions constitute a refinance of the Senior Credit Facility Agreement.

The instant matter seeks to compel compliance with a subpoena issued to GC. The subpoena seeks information related to the refinance. GC, a Massachusetts company located in Boston, has served via letter a number of objections to the subpoena. The undersigned has been in communication with GC's general counsel in an attempt to resolve the matter. As of the filing of this motion, the parties have been unable to reach an amicable resolution.

## II.

## Facts

**A.     Background**

On August 7, 2014, HDP filed a Complaint against Defendant Oceans for breach of contract in the Middle District of Louisiana. As set forth in the Complaint, Defendant Oceans obtained principal financing for the purchase of approximately ten Oceans entities, which was actually styled a merger, through a Senior Credit Agreement. MCG was Defendant Oceans' lender with regard to the Senior Credit Facility Agreement. Defendant Oceans also obtained secondary financing from HDP, which was effected through the Note. The Note provided certain covenants wherein Defendant promised to refrain from specified actions. For instance, Defendant Oceans promised not to permit the ratio of indebtedness to Adjusted EBITDA to be greater than 5.50:1. Defendant Oceans also promised not to incur additional debt financing

which would rank ahead of the Note. The Complaint alleges that Defendant Oceans breached those covenants. *See* Complaint, attached hereto as Exhibit A. The Note further provided that the Note would be paid in full should Defendant Oceans refinance the Senior Credit Agreement.

During discovery, HPD discovered that the Senior Credit Agreement was refinanced. On September 29, 2014, MGC entered into a Note Purchase Agreement with an independent third party lender, Elm Park, wherein MCG Capital agreed to sell, and Elm Park agreed to buy, all of MCG's rights and obligations under the Senior Credit Agreement and the related loan documents. MCG and Elm Park also entered into an Assignment, Assumption, and Acceptance agreement, whereby MCG relinquished its rights and was released from any obligations under the Senior Credit Facility Agreement. On that same date, Defendant Ocean and Elm Park entered into an Amended and Restated Senior Credit Facility Agreement, which was made concurrently with the execution and delivery of the Note Purchase Agreement to Elm Park.

Beginning in January 2015, HDP and Defendant Oceans began negotiations for settlement of the underlying lawsuit. The parties negotiated terms of a potential settlement for months but settlement discussions did not yield an executed settlement agreement by April 2015. Therefore, HDP issued the instant subpoena to GC.

On April 30, 2015, HDP filed its Second Amended Complaint which asserted a claim for acceleration of the Note. *See* Second Amended Complaint, attached hereto as Exhibit B. The Second Amended Complaint alleged that Elm Park's purchase of the Senior Credit Facility Agreement and subsequent Amended and Restated Senior Credit Facility Agreement constituted a refinance of the MCG Senior Credit Agreement. Defendant Oceans filed a motion to dismiss, arguing that the purchase and modification of the original Senior Credit Agreement did not constitute a refinance, and that HDP's refinance allegations were conclusory at best. On

September 17, 2015, HDP filed its Third Amended Complaint and asserted a claim for declaratory relief. *See* Third Amended Complaint, attached hereto as Exhibit C. Defendant Oceans again filed a motion to dismiss and asserted the same arguments as to HDP's acceleration claim as it did in its motion to dismiss the Second Amended Complaint.

**B.     The Subpoena**

On April 2, 2015, HDP issued a subpoena to GC. *See* Cover Letter, Subpoena, and Certified Mail Receipt by GC, attached as Exhibit D, *in globo*. GC received the subpoena on April 7, 2015. *Id.* The subpoena requested documents and communications between GC and Elm Park as well as GC and the Oceans entities. The subpoena specifically sought information related to the refinancing of the Senior Credit Agreement and the pertinent refinance documents.

On April 30, 2015, general counsel for GC objected to the subpoena through correspondence sent to the undersigned's office. GC asserted that: (1) the subpoena is unduly burdensome to the extent it required GC to expend significant time and resources; (2) the subpoena is unduly burdensome because it required GC to copy and ship documents from a FedEx Office Shipping Center; (3) the subpoena was overly broad and not reasonably calculated to lead to the discovery of admissible evidence; (4) the subpoena seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost; (5) the subpoena seeks documents protected by the attorney-client privilege and work product doctrine; and  (6) the subpoena seeks documents which are available from a party to the underlying litigation. *See* Correspondence, attached hereto as Exhibit E. Thereafter, the parties began settlement discussions again so HDP did not compel GC to comply with the subpoena.

For the following reasons, GC should be compelled to comply with the subpoena.

**III.**

**Law and Argument**

A. **Discovery Standard with Regard to Subpoena**

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." The scope of discovery for a nonparty litigant under a subpoena duces tecum is the same as the scope of a discovery request made upon a party to the action. *Bell Inc. v. GE Lighting, LLC*, No. 6:14-CV-00012, 2014 WL 1630754, at *6 (W.D. Va. Apr. 23, 2014). A party is entitled to information that is relevant to a claim or defense in the matter at issue. *Id*. Relevancy must be broadly construed at the discovery state, that is, information is discoverable if there is any possibility it might be relevant to the subject matter of the action. *Whittingham v. Amherst College*, 164 F.R.D. 124, 126-27 (D. Mass. 1995).

Under Fed. R. Civ. P. 45 (a)(D), a party may subpoena the production of documents. A subpoena may command production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transactions business in person. Fed. R. Civ. P. 45(c)(2)(A). A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must expressly make the claim and describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim. Fed. R. Civ. P. 45(e)(2)(A). To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information. Fed. R. Civ. P. 45(d)(3)(B).

Any objections to a subpoena must be written and served "[b]efore the earlier of the time specified for compliance or 14 days after the subpoena is served." *See* Fed. R. Civ. P. 45

(c)(2)(B). Any motion to quash the subpoena must be timely made and may be granted only under certain conditions. *See* Fed. R. Civ. P. 45 (c)(3).

**B.     The Subpoena is Not Objectionable**

Here, the information requested in the subpoena is clearly relevant. The subpoena requests communications and documents exchanged between GC and Elm Park with regard to Elm Park's purchase of the Senior Credit Facility Agreement from GC's original lender, MCG. The subpoena also seeks agreements and contracts between GC and Elm Park related to Elm Park's purchase of the Senior Credit Facility Agreement. The requested documents are related to HDP's allegation that the Note was refinanced, which would result in acceleration of the Note in favor of HDP.

Furthermore, GC objects to the subpoena because it claims that the requested documents are available from a party to the litigation. That argument lacks merit. GC must produce any and all requested documents that are in its possession, custody, and control. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii) & 34(a)(1). If the documents are in the physical custody of GC, a non-party, HDP may obtain the documents by issuing a Rule 45 subpoena. *See Lynn v. Monarch Recovery Management, Inc.*, 285 F.R.D. 350 (D. Md. 2012).

Additionally, GC failed to comply with Rule 45 with regard to its claim that the requested documents are protected by the attorney-client privilege, work product doctrine, and any other applicable privilege. Rule 45 requires a non-party to not only expressly claim that documents are privileged, but the non-party must describe the nature of the withheld documents in order to enable the party to assess the claim. GC failed to do so. Furthermore, only on a motion may a court modify a subpoena if it requires the disclosure of a trade secret or confidential information. Clearly, GC has not filed a motion.

GC's compliance with the subpoena would not be unduly burdensome. For instance, the subpoena requested that GC produce the requested information at a FedEx Office Ship Center in Boston, which is where GC is located. Furthermore, HDP's cover letter to GC noted that HDP would make arrangements to copy and ship the materials at its own costs. *See* Exhibit D. Clearly, compliance with the subpoena would not prove costly or burdensome for GC.

## IV.

## Conclusion

The subpoena which HDP issued to GC clearly requests relevant information. The requested information could show that the Senior Credit Agreement was refinanced, which would accelerate the Note in favor of HDP. GC's objections to the subpoena lack merit. As such, HDP's motion to compel should be granted and GC should be ordered to comply with the subpoena.

Dated: October 30, 2015

        HDP SELLERS REPRESENTATIVE, LLC

        Respectfully submitted,

          /s/ *Brendan St. Amant*

        George W. Vien (BBO# 547411)
        Brendan T. St. Amant (BBO# 672619)
        DONNELLY, CONROY & GELHAAR, LLP
        260 Franklin Street, Suite 1600
        Boston, Massachusetts 02110
        (617) 720-2880
        gwv@dcglaw.com
        bts@dcglaw.com

        Ryan M. Falgoust (LBN 33823)*
        HYMEL DAVIS & PETERSEN, L.L.C.
        10602 Coursey Boulevard
        Baton Rouge, Louisiana 70816
        Telephone: 225-298-8118
        Facsimile: 225-298-8119

rfalgoust@hymeldavis.com

*Pro hac admission pending*

## CERTIFICATE OF SERVICE

Pursuant to L.R. 5.2(b)(2) and 5.4 of the Local Rules of the United State District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ *Brendan St. Amant*
Brendan St. Amant

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I hereby certify that Louisiana counsel for HDP Sellers Representative, LLC in the Action conferred with general counsel for General Catalyst Partners, Chris McCain, in a good faith effort to resolve or narrow the issues presented by this Motion via telephone conference on October 23, 2015. Louisiana counsel for HDP and Mr. McCain expressed a mutual desire to amicably resolve the dispute raised by this Motion, but it was understood that additional time is needed. Mr. McCain acknowledged that he understands that the filing of this Motion is necessary so that HDP can meet filing deadlines as set forth by the Middle District of Louisiana and so that HDP can preserve its rights to compel compliance with the subpoena should the parties be unable to resolve the dispute.

/s/ *Brendan St. Amant*
Brendan St. Amant