# Exhibit A

# UNITED STATED DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HDP SELLERS REPRESENTATIVE, LLC | CIVIL ACTION |
| VERSUS | NO. 14-491 |
| OCEANS ACQUISITION, INC. | |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes HDP Sellers Representative, LLC, which respectfully asserts as follows:

**Jurisdiction and Venue**

1.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(diversity). The matter in controversy exceeds $75,000.

2.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) and (b). Moreover, defendant Oceans Acquisition, Inc. has waived any objection to venue in the written Subordinated Promissory Note subject of this Complaint.

1

**Parties**

3.

Complainant is HDP Sellers Representative, LLC, a Louisiana limited liability company with its principal place of business in Baton Rouge, Louisiana.

4.

Made defendant herein is Oceans Acquisition, Inc. ("defendant Oceans Acquisition"), a Delaware corporation with its principal place of business in Cambridge, Massachusetts.

**Background**

5.

Approximately ten Oceans entities were the owners and operators of hospitals in Louisiana which provided geriatric and adult behavioral health services. In or about December 2012, the Oceans entities and the equity interests of its member/owners were purchased by a company known as General Catalyst Partners, which formed defendant Ocean Acquisition for purposes of the acquisition. The purchase was actually styled a merger, in the Agreement and Plan of Merger ("Merger") dated November 30, 2012, wherein the "Purchaser" was designated as defendant Oceans Acquisition, Inc., and the "Sellers" as the existing Oceans entities (and hospitals) and their respective member/owners. In the Merger agreement and related documents, a single entity, HDP Sellers Representative, LLC ("HDP"), was designated as the sole representative for all

Seller entities and their respective members/owners and was provided with power of attorney for same.

6.

In connection with the Merger, the principal financing obtained by Purchaser was from MCG Capital and was effected through a Senior Credit Agreement.

7.

In connection with the Merger, the secondary financing obtained by Purchaser was from the Sellers and was effected through a Subordinated Promissory Note ("Note"). The Note was drafted by defendant Oceans Acquisition and was signed by Oceans Acquisition and HDP on December 27, 2012. A copy of the Note is attached hereto and made a part hereof and marked as HDP Exhibit 1.

8.

The Note was subordinated only to the Senior Credit Agreement. The Note also provided that the principal balance of $3,780,102, and all accrued and unpaid interest, shall be due and payable in full on June 27, 2018.

9.

In order to provide protection to Sellers, the Note included the following covenants, among others:

Oceans Acquisition shall not, until the indebtedness under this Note is satisfied in full:

(a) Permit the ratio of indebtedness (as defined in the Senior Credit Agreement), other than any mortgage related indebtedness, to Adjusted EBITDA (as defined in the Senior Credit Agreement) to be greater than 5.50:1;

...

(c) Other than (i) the payment of management fees in accordance with the terms of the Management Agreement, (ii) debt financing that is pari passu or subordinated to the obligations under this Note; <u>provided however</u>, that any debt financing that is pari passu shall be paid after the obligations under this Note are paid in full, ...

10.

After the Merger, defendant Oceans Acquisitions began to rapidly expand its operations, including opening several new hospitals in Texas, which adversely affected the overall financial condition of the Oceans entities, including its short term cash flow.

11.

Upon information and belief, defendant Oceans Acquisition loaned approximately $1.5 million dollars to the Oceans entities in or about June 2014. Since that time, HDP has been requesting copies of related loan documents, which have not been provided. Upon information and belief, HDP was falsely informed by defendant Oceans Acquisition that the loan documents had not been finalized.

12.

Upon information and belief, defendant Oceans Acquisition incurred additional indebtedness in the amount of $1.5 million and issued a second promissory note which violated the terms of the Note issued to Sellers by making the second promissory note senior to the Note and subordinated only to the Senior Credit Agreement.

13.

Defendant Oceans Acquisition's having executed a second promissory note senior to the Note has endangered, marginalized, and diminished HDP's position of being the only secondary indebtedness owed by Oceans Acquisition behind the Senior Credit Agreement. That action is a material violation of the terms of the Note.

14.

Upon information and belief, beginning in the financial quarter ending on December 31, 2013, defendant Oceans Acquisition permitted the ratio of Indebtedness to Adjusted EBITDA (as specifically defined in the Senior Credit Agreement) to be greater than 5.50:1, in violation of the terms of the Note.

15.

Defendant Oceans Acquisition's continuing to operate at an Indebtedness/Adjusted EBITA ratio in excess of the permitted ratio threatens the ability of defendant Oceans Acquisition to make payments of principal and

5

interest on the Senior Credit Agreement, as well as the Note, and therefore endangers the ability of HDP to collect the principal and interest on the Note.

### Breach of Contract

16.

HDP hereby realleges paragraphs 1 through 15. above.

17.

Defendant Oceans Acquisition has materially breached the terms of the Note.

18.

Consequently, HDP must be placed in the position it was in before defendant Oceans Acquisition breached the contract of indebtedness evidenced by the Note, that is full payment of the principal amount of $3,780,102, together with interest from date of first breach through judgment and thereafter until paid. Pursuant to 6 *Del. C.* §2301 (c), the rate of interest owed is that provided in the contract of indebtedness evidenced by the Note, the greater of (a) twelve percent (12%) per annum (capitalized quarterly) or (b) the interest rate set forth in the Senior Credit Agreement plus two percent (2%) per annum (capitalized quarterly).

**WHEREFORE,** after due proceedings, HDP Sellers Representative, LLC, prays that judgment be granted in its favor against defendant Oceans Acquisitions, Inc. in the amount of $3,780,102, together with interest according to law, together with all costs of court.

Respectfully submitted,

HYMEL DAVIS & PETERSEN, L.LC.

s/L.J. Hymel
L.J. Hymel (LBN 07137)
Tim P. Hartdegen (LBN 27496)
10602 Coursey Boulevard
Baton Rouge, Louisiana 70816
Telephone: 225-298-8118
Facsimile: 225-298-8119
ljhymel@hymeldavis.com

**SERVICE INFORMATION**

Oceans Acquisition, Inc.
c/o General Catalyst Partners
20 University Road, Suite 450
Cambridge, MA  02138

7