# Exhibit B

# UNITED STATED DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

HDP SELLERS REPRESENTATIVE, LLC           CIVIL ACTION

                                                             NO. 14-491-BAJ-SCR

VERSUS

OCEANS ACQUISITION, INC.

## SECOND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes HDP Sellers Representative, LLC, which respectfully amends its Complaint and Amended Complaint as follows:

**Jurisdiction and Venue**

1.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(diversity). The matter in controversy exceeds $75,000.

2.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) and (b). Moreover, Defendant Oceans Acquisition, Inc. has waived any objection to venue in the written Subordinated Promissory Note subject of this Complaint.

1

**Parties**

3.

Complainant is HDP Sellers Representative, LLC ("HDP"), a Louisiana limited liability company with its principal place of business in Baton Rouge, Louisiana. HDP Sellers Representative, LLC, has only one member and manager, Michael Reese Davis, who is of the age of majority, is a resident of and domiciled in Baton Rouge, and a citizen of the State of Louisiana.

4.

Made Defendant herein is Oceans Acquisition, Inc. ("Defendant Oceans Acquisition"), a Delaware corporation with its principal place of business in Cambridge, Massachusetts.

**Background**

5.

Approximately ten Oceans entities were the owners and operators of hospitals in Louisiana which provided geriatric and adult behavioral health services. In or about December 2012, the Oceans entities and the equity interests of its member/owners were purchased by a company known as General Catalyst Partners, which formed Defendant Ocean Acquisition for purposes of the acquisition. The purchase was actually styled a merger in the Agreement and Plan of Merger ("Merger") dated November 30, 2012, wherein the "Purchaser" was designated as Defendant Oceans Acquisition, Inc., and the "Sellers" as the existing Oceans entities (and hospitals) and their respective member/owners. In

the Merger agreement and related documents, a single entity, HDP Sellers Representative, LLC ("HDP"), was designated as the sole representative for all Seller entities and their respective members/owners and was provided with power of attorney for same.

6.

In connection with the Merger, the principal financing obtained by Defendant Oceans Acquisition was from MCG Capital and was effected through a Senior Credit Agreement.

7.

In connection with the Merger, the secondary financing obtained by Purchaser was from the Sellers and was effected through a Subordinated Promissory Note ("Note"). The Note was drafted by Defendant Oceans Acquisition and was signed by Oceans Acquisition and HDP on December 27, 2012. A copy of the Note is attached hereto as Exhibit 1 and made a part hereof.

8.

The Note was subordinated only to the Senior Credit Agreement, and provided that the principal balance of $3,780,102, and all accrued and unpaid interest, shall be due and payable in full on June 27, 2018. *See* Exhibit 1.

9.

The Note provided that "[i]n the event of a . . . refinancing of all of the outstanding indebtedness under the Senior Credit Agreement (other than in connection with a Sale of the Company) with an independent third party lender

3

or a group of independent third party lenders (not including the Senior Agent, any Senior Lender, or any of their respective Affiliates acting as a lender or an agent thereto), all of the indebtedness under this Note shall be paid in full." *See* Exhibit 1.

10.

The Note provided further protection to Sellers through the following covenants, among others:

> Oceans Acquisition shall not, until the indebtedness under this Note is satisfied in full:
>
> (a) Permit the ratio of indebtedness (as defined in the Senior Credit Agreement), other than any mortgage related indebtedness, to Adjusted EBITDA (as defined in the Senior Credit Agreement) to be greater than 5.50:1;
>
> ...
>
> (c) Other than (i) the payment of management fees in accordance with the terms of the Management Agreement, (ii) debt financing that is pari passu or subordinated to the obligations under this Note; <u>provided however</u>, that any debt financing that is pari passu shall be paid after the obligations under this Note are paid in full, and/or (iii) debtor in possession financing or any similar debt financing in connection with, or in order to avoid, (A) the appointment of, or the taking of possession by, a receiver, custodian, trustee, liquidator or similar fiduciary of itself or of all or a substantial part of its property, (B) a general assignment for the benefit of creditors, (C) insolvency, or (D) voluntary or involuntary bankruptcy, the Investor Member (as defined in the Purchaser Parent Limited Liability Company Agreement) shall not provide any debt financing to Borrower or any of its direct or indirect subsidiaries.

*See* Exhibit 1.

11.

After the Merger, Defendant Oceans Acquisition began to rapidly expand its operations, including opening several new hospitals in Texas, which adversely affected the overall financial condition of the Oceans entities, including its short term cash flow.

12.

Defendant Oceans Acquisition issued a Secured Subordinated Convertible Promissory Note to Oceans Investments, Inc. ("Oceans Investments") on June 17, 2014. The principal amount of the Oceans Investment note was $1.5 million. The Secured Subordinated Convertible Promissory Note in favor Oceans Investments was amended and restated in order to provide an additional $1 million in funding to Defendant Oceans Acquisition on or around August 13, 2014. The Oceans Investment note is subordinated only to the Senior Credit Facility Agreement between Defendant Oceans Acquisition and MCG. The note provides that its purpose was to provide working capital and other general corporate needs to the Oceans entities.

13.

Beginning in the financial quarter ending on December 31, 2013, Defendant Oceans Acquisition permitted the ratio of Indebtedness to Adjusted EBITDA (as specifically defined in the Senior Credit Agreement) to be greater than 5.50:1, in violation of the terms of the Note.

14.

On September 29, 2014, MGC Capital entered into a Note Purchase Agreement with an independent third party lender, Elm Park Capital Management ("Elm Park"), wherein MCG Capital agreed to sell, and Elm Park agreed to buy, all of MCG's rights and obligations under the Senior Credit Agreement and the related loan documents. On that same date, Defendant Ocean Acquisitions and Elm Park entered into an Amended and Restated Senior Credit Facility Agreement, which was made concurrently with the execution and delivery of the Note Purchase Agreement to Elm Park.

15.

After numerous requests by HDP for the Oceans-Elm Park agreement, Defendant Oceans Acquisition finally produced the agreement on or about March 19, 2015. The Amended and Restated Senior Credit Facility Agreement effectively amended and restated the terms, conditions, and provisions of the Senior Credit Agreement.

16.

Furthermore, on or about September 29, 2014, the Secured Subordinated Convertible Promissory Note issued by Defendant Oceans Acquisition to Oceans Investments was amended and restated yet again to reflect an additional $2 million in funding to be provided to the Oceans entities. In February 2015, an additional $1 million in funding was provided to the Oceans entities through two Secured Subordinated Convertible Promissory Notes, one in favor of Paul

Verrochi, a partner at General Catalyst, and one in favor of Oceans Investments. These notes are subordinated only to the Amended and Restated Senior Credit Facility Agreement entered into between Defendant Oceans Acquisition and Elm Park. The note provides that its purpose was to provide working capital and other general corporate needs to the Oceans entities.

## Count I:

## Acceleration of the Note

17.

HDP hereby realleges paragraphs 1 through 16 above.

18.

The sale of the Senior Credit Facility Agreement and restructuring of its terms, conditions, and provisions through the Amended and Restated Senior Credit Facility Agreement constituted a refinancing of the Senior Credit Facility Agreement.

19.

Consequently, the indebtedness under the Note is due immediately and shall be paid in full and with interest. The Note provides that the rate of interest is the greater of (a) twelve percent (12%) per annum (capitalized quarterly) or (b) the interest rate set forth in the Senior Credit Agreement plus two percent (2%) per annum (capitalized quarterly). HDP therefore requests a judgment declaring that the principal amount of the Note, plus interest provided by the Note, is due immediately.

**Count II:**

**Breach of Contract**

20.

HDP hereby realleges paragraphs 1 through 19 above.

21.

Alternatively, HDP seeks a judgment for the principal amount of the Note, plus legal interest, because Defendant Oceans Acquisition has materially breached the terms of the Note by incurring additional indebtedness which outranks the Note.

22.

For instance, Defendant Oceans Acquisition incurred $2.5 million of additional indebtedness in June and August 2014 which ranks ahead of the Note, although the Note was only subordinated to the Senior Credit Agreement.

23.

Furthermore, Defendant Oceans incurred $3 million of additional indebtedness in September 2014 and February 2015 which ranks ahead of the Note, although the Note was only subordinated to the Senior Credit Agreement.

24.

Defendant Oceans Acquisition's having executed promissory notes senior to the Note has endangered, marginalized, and diminished HDP's position of being the only secondary indebtedness owed by Oceans Acquisition behind the

Senior Credit Agreement. That action is a material violation of the terms of the Note.

25.

Defendant Oceans Acquisition also materially breached the Note by operating at an Indebtedness/Adjusted EBITA ratio in excess of the permitted ratio contained in the Note.

26.

Defendant Oceans Acquisition's continuing to operate at an Indebtedness/Adjusted EBITA ratio in excess of the permitted ratio threatens the ability of defendant Oceans Acquisition to make payments of principal and interest on the Amended and Restated Senior Credit Agreement, as well as the Note, and therefore endangers the ability of HDP to collect the principal and interest on the Note.

27.

As a result of these material breaches of the Note, HDP must be placed in the position it was in before it loaned money to Defendant Oceans Acquisition and entered into the Note, that is full payment of the principal amount of $3,780,102.

**WHEREFORE,** after due proceedings, HDP Sellers Representative, LLC, prays that judgment be granted in its favor against Defendant Oceans Acquisition, Inc. declaring that the Subordinated Promissory Note (Exhibit 1) is due immediately in the amount of $3,780,102, together with interest according to

the Note, together with all costs of court. Alternatively, HDP Sellers Representative, LLC, prays that judgment be granted in its favor against Defendant Oceans Acquisition, Inc. for the principal amount of the Note, plus legal interest, together with all costs of court.

            Respectfully submitted,

            HYMEL DAVIS & PETERSEN, L.LC.

            s/L.J. Hymel
            L.J. Hymel (LBN 07137)
            Tim P. Hartdegen (LBN 27496)
            Ryan M. Falgoust (LBN 33823)
            10602 Coursey Boulevard
            Baton Rouge, Louisiana 70816
            Telephone: 225-298-8118
            Facsimile: 225-298-8119
            ljhymel@hymeldavis.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 28, 2015, a copy of the foregoing was filed electronically with the clerk of court using the *CM/ECF* system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the courts electronic filing system.

            s/L.J. Hymel
            L.J. Hymel