# Exhibit D

# HYMEL DAVIS & PETERSEN, LLC

ATTORNEYS AND COUNSELORS AT LAW
10602 COURSEY BOULEVARD
BATON ROUGE, LOUISIANA 70816

**RYAN M. FALGOUST**
ASSOCIATE

rfalgoust@hymeldavis.com

www.hymeldavis.com

TELEPHONE: 225.298.8118
FACSIMILE: 225.298.8119

April 2, 2015

**VIA CERTIFIED U.S. MAIL NO. 7012 1010 0000 2590 2097**
**RETURN RECEIPT REQUESTED**

General Catalyst Partners
through Resident Agent
Corporation Service Company
84 State Street
Boston, MA 02109

    Re:    HDP Sellers Representative, LLC v. Oceans Acquisition, Inc.
                USDC-MDLA No. 14-491
                Our File: 12-1602B

To Whom It May Concern:

      We represent HDP Sellers Representative, LLC relative to the above-referenced matter. Enclosed please find a federal subpoena to General Catalyst Partners, which only seeks production of documents. We also enclose a check in the amount of $40 for any reasonable copying costs incurred with respect to complying with the subpoena.

      Once you have obtained the requested documents, we invite you to contact the undersigned directly. We will endeavor to make this process as convenient as possible for you including making arrangements to copy the documents ourselves, if necessary, and providing you with our Federal Express account number to forward the documents to our office directly.

General Catalyst Partners
April 2, 2015
Page 2 of 2

      We would be happy to address any questions you may have concerning this subpoena. Therefore, please do not hesitate to contact me at (225) 298-8118 if you should have any questions.

                        Sincerely,

                        Ryan M. Falgoust

RMF/cws

Enclosures

cc w/encl.:  Daniel J. Balhoff (via email at balhoff@pabmb.com)
                Robert M. Kline (via email at rkline@mwe.com)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

| | |
|---|---|
| HDP SELLERS REPRESENTATIVE, LLC  *Plaintiff*  v.  OCEANS ACQUISITION, INC.  *Defendant* | ) ) ) ) ) ) Civil Action No. 14-491-BAJ-SCR |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: GENERAL CATALYST PARTNERS, through Resident Agent, Corporation Service Company, 84 State Street, Boston, MA 02109.

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT #1

| Place: FedEx Office Ship Center  60 State Street  Boston, MA 02109 | Date and Time:  05/01/2015 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/02/2015

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
HDP SELLERS REPRESENTATIVE, LLC _____, who issues or requests this subpoena, are:
Ryan M. Falgoust, 10602 Coursey Blvd., Baton Rouge, LA, 70816; rfalgoust@hymeldavis.com; 225-298-8118

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 14-491-BAJ-SCR

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* General Catalyst Partners
on *(date)* 04/02/2015 .

☑ I served the subpoena by delivering a copy to the named person as follows:
GENERAL CATALYST PARTNERS, through Resident Agent, Corporation Service Company, 84 State Street
Boston, MA 02109                                                   on *(date)* 04/02/2015   ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 40.00 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 04/02/2015

*Server's signature*

RYAN M. FALGOUST, ASSOCIATE
*Printed name and title*
HYMEL DAVIS & PETERSEN, LLC
10602 COURSEY BLVD.
BATON ROUGE, LA 70816

*Server's address*

Additional information regarding attempted service, etc.:
SERVED VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED: 7012 1010 0000 2590 2097

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **ATTACHMENT #1**

1. Please produce all communications, including correspondence and emails, between You and employees, agents, and representatives of Elm Park Capital Management, LLC ("Elm Park"), pertaining or related to Elm Park's purchase of the December 27, 2012 Senior Credit Facility Agreement.

2. Please produce all communications, including correspondence and emails, between You and employees, agents, and representatives of Elm Park, pertaining or related to the September 29, 2014 Amended and Restated Senior Credit Facility Agreement between Oceans and Elm Park Capital.

3. Please produce all communications, including correspondence and emails, between You and any Oceans entity, with regard to Elm Park's purchase of the Senior Credit Facility Agreement and the Amended and Restated Credit Facility Agreement between Oceans and Elm Park.

4. Please produce all agreements and contracts between You and Elm Park Capital pertaining or related to Elm Park Capital's purchase of the Senior Credit Facility Agreement and the restructuring or refinancing of the Senior Credit Facility Agreement.

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .09 |
| Certified Fee | 3.30 |
| Return Receipt Fee (Endorsement Required) | 2.70 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.69 |

Postmark Here

Sent To: General Catalyst Partners
Street, Apt. No.; or PO Box No. c/o Corporation Service 84 State St
City, State, ZIP+4: Boston, MA 02109

7012 2590 2097 0000 1010

PS Form 3800, August 2006        See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

General Catalyst Partners
through Registered Agent
Corporation Service Company
84 State Street
Boston, MA 02109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name): B Montano
C. Date of Delivery: 4/_/_

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number: 7012 1010 0000 2590 2097

12-1602B
CWS

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540