# Exhibit E

April 30, 2015

**Via Email & Certified U.S. Mail**

rfalgoust@hymeldavis.com

Ryan M. Falgoust
Hymel Davis & Petersen, LLC
10602 Coursey Boulevard
Baton Rouge, LA 70816

Re:   *HDP Sellers Representative, LLC v. Oceans Acquisition, Inc.*,
      Case No. 14-491 (M.D. La.)

Dear Mr. Falgoust:

Pursuant to Rule 45 of the Federal Rules of Civil Procedure ("Rules"), non-party General Catalyst Partners ("General Catalyst") serves the following objections to the subpoena to produce documents (the "Subpoena") issued by Plaintiff HDP Sellers Representative, LLC ("HDP") in the above-referenced action.

## GENERAL OBJECTIONS

The following General Objections are incorporated into each specific response below as if fully set forth therein and are intended, and shall be deemed, to be in addition to any specific objection.

1.     General Catalyst objects to the Subpoena as unduly burdensome to the extent it requires General Catalyst to expend significant time and resources prior to the Court's ruling on Ocean Acquisition, Inc.'s pending motion to dismiss.

2.     General Catalyst objects to the Subpoena as unduly burdensome to the extent it requires General Catalyst to copy and ship documents from the FedEx Office Shipping Center identified therein, a method of production not required by Rule 45.

3.     General Catalyst objects to the Subpoena as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks (1) documents in the exclusive possession, custody, or control of other persons or entities; or (2) documents that are more readily available from the parties to this litigation.

4.     General Catalyst objects to the Subpoena to the extent it requires General Catalyst to search for and identify electronically stored information that is not reasonably accessible because of undue burden or cost.

Case 1:15-mc-91351-FDS   Document 5-5   Filed 10/30/15   Page 3 of 4

Ryan M. Falgoust
Hymel Davis & Petersen, LLC
April 30, 2015
Page 2

5.      General Catalyst objects to the Subpoena to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or any other applicable privilege, doctrine or immunity.

6.      These objections are based upon information presently known and General Catalyst reserves the right to amend or supplement these objections.

## SPECIFIC OBJECTIONS

**Request No. 1.**      Please produce all communications, including correspondence and emails, between You and employees, agents, and representatives of Elm Park Capital Management, LLC ("Elm Park"), pertaining or related to Elm Park's purchase of the December 27, 2012 Senior Credit Facility Agreement.

**Objections**:       General Catalyst incorporates the foregoing General Objections by reference. General Catalyst objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it (1) seeks "all" communications with Elm Park related to its purchase of the Senior Credit Facility Agreement ("SCFA"); (2) seeks communications with any one of Elm Park's "employees, agents, and representatives" related to the SCFA; and (3) seeks communications that have already been produced by Elm Park.

**Request No. 2.**      Please produce all communications, including correspondence and emails, between You and employees, agents, and representatives of Elm Park, pertaining or related to the September 29, 2014 Amended and Restated Senior Credit Facility Agreement between Oceans and Elm Park Capital.

**Objections**:       General Catalyst incorporates the foregoing General Objections by reference. General Catalyst objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it (1) seeks "all" communications with Elm Park related to the Amended and Restated Credit Facility Agreement ("ARCFA"); (2) seeks communications with any one of Elm Park's "employees, agents, and representatives" related to the ARCFA; and (3) seeks communications that have already been produced by Elm Park.

**Request No. 3.**      Please produce all communications, including correspondence and emails, between You and any Oceans entity, with regard to Elm Park's purchase of the Senior Credit Facility Agreement and the Amended and Restated Credit Facility Agreement between Oceans and Elm Park.

**Objections**:       General Catalyst incorporates the foregoing General Objections by reference. General Catalyst objects to this request as overbroad, unduly burdensome, and not

Ryan M. Falgoust
Hymel Davis & Petersen, LLC
April 30, 2015
Page 3

reasonably calculated to lead to the discovery of admissible evidence to the extent it (1) seeks "all" agreements and contracts with Elm Park "pertaining or related to Elm Park Capital's purchase of the Senior Credit Facility Agreement and the restructuring or refinancing of the Senior Credit Facility Agreement"; (2) seeks communications with "any Oceans entity" related to the SCFA or the ARCFA; and (3) seeks communications that are more readily available from parties to this litigation.

**Request No. 4.**   Please produce all agreements and contracts between You and Elm Park Capital pertaining or related to Elm Park Capital's purchase of the Senior Credit Facility Agreement and the restructuring or refinancing of the Senior Credit Facility Agreement.

**Objections**:   General Catalyst incorporates the foregoing General Objections by reference. General Catalyst objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it (1) seeks "all" agreements and contracts with Elm Park related to the SCFA; and (2) seeks agreements and contracts that have already been produced by Elm Park or Oceans.

Sincerely,

*[signature: Chris McCain]*

Chris McCain, General Counsel
General Catalyst Partners