# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: SUBPOENA TO GENERAL CATALYST PARTNERS | Case No. 1:15-mc-91351-FDS |
| Issued in | |
| HDP SELLERS REPRESENTATIVE, LLC, | Case No. 3:14-cv-491-SDD-SCR |
| Plaintiff, | |
| vs. | |
| OCEANS ACQUISITION, INC., | |
| Defendant. | |

**DECLARATION OF CHRISTOPHER McCAIN
IN SUPPORT OF NON-PARTY GENERAL CATALYST PARTNERS'
<u>OPPOSITION TO MOTION TO COMPEL</u>**

CHRISTOPHER McCAIN, pursuant to 28 U.S.C. § 1746, declares:

1. I am General Counsel for General Catalyst Partners ("General Catalyst"). I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently to the matters set forth below.

2. As part of my job responsibilities, I have access to the corporate, information technology, and other records described herein.

3. General Catalyst is a venture capital firm based in Cambridge, Massachusetts, and one of General Catalyst's portfolio companies holds an indirect interest in Oceans Acquisition, Inc. ("Oceans").

4. In April 2015, HDP Sellers Representative, LLC ("HDP") served a subpoena ("Subpoena") on General Catalyst concerning a lawsuit that HDP filed against Oceans in Louisiana, and General Catalyst served HDP with objections to the Subpoena.

5.  General Catalyst is not a party to the Senior Credit Facility Agreement described in the Subpoena or the Amended and Restated Senior Credit Facility Agreement described in the Subpoena (collectively, the "Agreements"). The Agreements concern other parties' investments in Oceans.

6.  General Catalyst was not a party to Elm Park Capital Management LLC's purchase of the Senior Credit Facility Agreement.

7.  Because General Catalyst maintains a substantial, indirect investment in Oceans, General Catalyst was copied on many of the communications concerning the negotiations, drafting, and closing of the Purchase and the Agreements.

8.  Each of the Agreements comprises more than fifty separate documents, plus dozens of schedules and exhibits.

9.  The negotiations that led to the executed versions of the Agreements involved thousands of communications.

10. The Purchase was a complex transaction that involved daily communications for several months as the parties negotiated, drafted, and revised the relevant documents.

11. On Wednesday, October 21, 2015, Ryan Falgoust, counsel for HDP, sent me a letter, writing, "If we do not receive your client's responses to the subpoena by Friday, October 23, 2015, we will have no choice but to file a motion to compel compliance."

12. On Friday, October 23, 2015, I spoke on the telephone with Mr. Falgoust, and I explained to him that General Catalyst would be willing to produce documents, but that the Subpoena, as drafted, was too burdensome. It would be very expensive and disruptive to General Catalyst's business for General Catalyst to collect and review "all" of the potentially

responsive documents. I therefore asked Mr. Falgoust to narrow the scope of the Subpoena by suggesting search terms, date ranges, and/or specific document custodians.

13. On Monday, October 26, 2015, I sent Mr. Falgoust an email in which I again invited Mr. Falgoust to narrow the scope of the Subpoena with search terms, date ranges, and/or specific document custodians. Mr. Falgoust advised me that he needed to file a Motion to Compel to preserve his rights because of an imminent deadline.

14. On Friday, October 30, 2015, before responding to my request to narrow the scope of the Subpoena, HDP filed a Motion to Compel Compliance with the Subpoena to General Catalyst Partners ("Motion to Compel").

15. On Monday, November 2, 2015, HDP served the Motion to Compel on General Catalyst.

16. On November 2, 2015, Mr. Falgoust sent me an email in which he stated that he would not narrow the requests. Although Mr. Falgoust purported to "modify" the requests to incorporate a date range (i.e., January 1, 2014 through the present), that date range does not narrow the scope of the Subpoena because the underlying events, and thus communications responsive to the Subpoena, occurred after January 1, 2014.

Pursuant to 28 U.S.C. § 1746, I hereby declare, under the penalty of perjury, that the foregoing is true and correct.

Executed on <u>November 13, 2015</u>.

                                                    */s/ Christopher McCain*
                                                  CHRISTOPHER McCAIN