# EXHIBIT D

# HYMEL DAVIS & PETERSEN, LLC

ATTORNEYS AND COUNSELORS AT LAW
10602 COURSEY BOULEVARD
BATON ROUGE, LOUISIANA 70816

**RYAN M. FALGOUST**
ASSOCIATE

rfalgoust@hymeldavis.com

www.hymeldavis.com

TELEPHONE:  225.298.8118
FACSIMILE:  225.298.8119

December 2, 2014

**VIA CERTIFIED U.S. MAIL NO. 7012 1010 0000 2590 0710**
**RETURN RECEIPT REQUESTED**

Elm Park Capital Management
c/o Mark Schachter, Managing Partner
2101 Cedar Springs Rd., Ste. 700
Dallas, TX 75201

Re:   <u>HDP Sellers Representative, LLC v. Oceans Acquisition, Inc.</u>
       USDC-MDLA No. 14-491
       Our File: 12-1602B

Dear Mr. Schachter:

We represent HDP Sellers Representative, LLC relative to the above-referenced matter.  Enclosed please find a federal subpoena to Elm Park Capital Management, which only seeks production of documents.  We also enclose a check in the amount of $40 for any reasonable copying costs incurred with respect to complying with the subpoena.

Once you have obtained the requested documents, we invite you to contact the undersigned directly.  We will endeavor to make this process as convenient as possible for you including making arrangements to copy the documents ourselves, if necessary, and providing you with our Federal Express account number to forward the documents to our office directly.

Elm Park Capital Management
December 2, 2014
Page 2 of 2


       We would be happy to address any questions you may have concerning this subpoena.  Therefore, please do not hesitate to contact me at (225) 298-8118 if you should have any questions.

                           Sincerely,

                           Ryan M. Falgoust

RMF/cws

Enclosures

cc w/encl.:  Daniel J. Balhoff (via email at balhoff@pabmb.com)
             Robert M. Kline (via email at rkline@mwe.com)

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Louisiana

| | |
|---|---|
| HDP SELLERS REPRESENTATIVE, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  14-491-BAJ-SCR |
| OCEANS ACQUISITION, INC. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   ELM PARK CAPITAL MANAGEMENT, ELM PARK CAPITAL MANAGEMENT, through Managing Partner, Mark
 Schachter, 2101 Cedar Springs Rd., Ste. 700, Dallas, Texas 75201.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material: SEE ATTACHMENT #1

| Place: FedEx Office Ship Center | Date and Time: |
|---|---|
| 1999 Bryan St 149 | |
| Dallas, TX 75201 | 12/22/2014 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:   12/02/2014

| *CLERK OF COURT* | |
|---|---|
| _____ | OR   *[signature]* |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

HDP SELLERS REPRESENTATIVE, LLC _____ , who issues or requests this subpoena, are:

Ryan M. Falgoust, 10602 Coursey Blvd., Baton Rouge, LA, 70816; rfalgoust@hymeldavis.com; 225-298-8118

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the
inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before
it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  14-491-BAJ-SCR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  ELM PARK CAPITAL MANAGEMENT

on *(date)*      12/02/2014      .

☑ I served the subpoena by delivering a copy to the named person as follows:

ELM PARK CAPITAL MANAGEMENT, through Managing Partner, Mark Schachter, 2101 Cedar Springs Rd.,

Ste. 700, Dallas, Texas 75201                        on *(date)*        12/02/2014        ; or

☐ I returned the subpoena unexecuted because:                                                    .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$            40.00            .

My fees are $                        for travel and $                        for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date:      12/02/2014

_____
*Server's signature*

RYAN M. FALGOUST, ASSOCIATE
_____
*Printed name and title*
HYMEL DAVIS & PETERSEN, LLC
10602 COURSEY BLVD.
BATON ROUGE, LA 70816

_____
*Server's address*

Additional information regarding attempted service, etc.:
SERVED VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED: 7012 1010 0000 2590 0710

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT #1

1.  Please produce all communications, documents, and electronically stored
    information, including correspondence and emails, between You and
    employees, agents, and representatives of MCG Capital Corporation,
    employees, agents, and representatives of General Catalyst Partners, and
    employees, agents, and representatives of Oceans Holdings, L.L.C. or any
    Oceans entity.

2.  Please produce any and all purchase documents, buy/sale agreements, loan
    agreements, checks, closing statements, negotiation documents, promissory
    notes, draft agreements, refinancing agreements, entity organizational
    documents, payment documents, and any other related documents related to,
    pertaining to, or between you and MCG Capital Corporation, General Catalyst
    Partners, and Oceans Holdings, L.L.C. or any Oceans entity.

3.  Please produce any and all communications, documents, and electronically
    stored information, including correspondence and emails related or
    pertaining to the characterization or classification of Your purchase,
    acquisition, assignment, or transfer of the General Catalyst Partners' Senior
    Credit Facility Agreement, including but not limited to whether or not it
    constituted a refinancing.